Filed 12/21/20  P. v. Guardado CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B303152 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA386978) |
| v. | |
| JUAN CARLOS GUARDADO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Fred N. Wapner, Judge.  Affirmed.

James M. Crawford, under appointment by the Court of Appeal for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Zee Rodriguez and Paul S. Theis, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————————

Defendant's petition for resentencing under Penal Code section 1170.95 was summarily denied.[1]  As defendant was not entitled to relief as a matter of law, we affirm.

### *FACTUAL AND PROCEDURAL BACKGROUND*

**1.    *Underlying Conviction***

Defendant was convicted of murder for his part in a gang shooting.  The victim was sitting in his parked car in rival gang territory.  Defendant and his co-defendant, Danny Navarrete, walked up the victim's car.  Navarrete shot the victim in the head.  Defendant subsequently told a fellow gang member that he and Navarrete had caught a rival unprepared and to lay low until everything calmed down.

Defendant and Navarrete were charged with one count of murder (§ 187), firearm enhancements (§ 12022.53, subds. (b)-(d)), and a gang enhancement (§ 186.22, subd. (b)(1)(C).)  It was alleged that Navarrete was the actual shooter; the firearm enhancements alleged as to defendant were vicarious.  The defendants were convicted as charged.  The murder was found to be in the first degree.  Defendant was sentenced to 50 years to life in prison, comprised of 25 years to life for the murder plus 25 years to life for the firearm enhancement.

On appeal, defendant's conviction was affirmed.  (*People v. Navarrete* (May 8, 2014, B247600) [nonpub. opn.].)  Among other things, defendant argued that there was insufficient evidence that he had aided and abetted the murder.[2]  A prior panel of this

---

[1]    All undesignated statutory references are to the Penal Code.

[2]    In arguing there was insufficient evidence he had aided and abetted, defendant specifically "point[ed] out that the jury

2

division rejected that contention, finding sufficient evidence that defendant shared Navarrete's intent to kill.

**2.     *Defendant's Section 1170.95 Petition***

On February 22, 2019, defendant filed a form petition for resentencing under section 1170.95.  He requested the appointment of counsel.

Counsel was appointed, the prosecution filed a response, and defendant filed a reply.

The court held a hearing and denied the petition, stating, "This is a pretty easy decision.  This wasn't a felony murder.  It wasn't a natural and probable consequences."

Defendant filed a timely notice of appeal.

## *DISCUSSION*

Senate Bill No. 1437 (SB 1437) invalidated the natural and probable consequences doctrine as it relates to murder, and narrowed liability for felony murder.  (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 323 (*Verdugo*) review granted Mar. 18, 2020.) It also enacted section 1170.95, providing a means by which a defendant convicted of murder under prior authority could seek resentencing under the new version of the law.

Once a section 1170.95 petition is filed, there follows a multi-step process by which the court first determines whether the petition is facially complete, and, if so, whether the petitioner has made a prima facie showing that he falls within the provisions of statutory eligibility.  (*People v. Torres* (2020)

---

found appellant Navarrete personally used a weapon in the commission of the murder but found as to appellant Guardado only that a principal was armed in the commission of the murder. He concludes, reasonably, that the jury convicted him as an aider and abettor."

3

46 Cal.App.5th 1168, 1177 (*Torres*) review granted June 24, 2020.) The materials which the court can review at this stage include the prior appellate opinion (*People v. Lee* (2020) 49 Cal.App.5th 254, 263, review granted July 15, 2020; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1136, fn. 7, review granted Mar. 18, 2020) and the jury instructions given in the defendant's trial. (*People v. Edwards* (2020) 48 Cal.App.5th 666, 674.) If the court determines the petitioner is ineligible for relief as a matter of law, the petition is denied at this first stage; if not, the court proceeds to the next step. (*Torres,* at pp. 1177-1178.)

At the first stage, the court's inquiry is only whether the defendant is ineligible for relief under section 1170.95 as a matter of law. (*Verdugo, supra,* 44 Cal.App.5th at p. 329.) If, for example, the court's review of the record of conviction necessarily establishes the defendant was convicted on a ground that remains valid after SB 1437's amendment of murder, the petition may be denied at this stage. (*Id.* at pp. 329-330.) But if the court "cannot rule out the possibility that the jury relied on" a theory invalidated by SB 1437, there is no prima facie ineligibility. (*People v. Offley* (2020) 48 Cal.App.5th 588, 599.)

Here, although the trial court accepted briefing and held a hearing, the court determined that defendant was ineligible for relief as a matter of law. This was indisputably correct. At defendant's request, we have augmented the record on appeal to include the jury instructions given at defendant's trial. The instructions establish that the jury was not instructed on felony murder or on a natural and probable consequences theory of vicarious liability.[3] As the appellate court observed in

---

[3]     In his reply brief on appeal, defendant argues at length that there is insufficient evidence that he was a direct aider and

4

defendant's original appeal, "the jury convicted [defendant] as an aider and abettor."

### *DISPOSITION*

The order denying defendant's section 1170.95 petition is affirmed.

RUBIN, P. J.

WE CONCUR:

BAKER, J.

MOOR, J.

---

abettor. This argument fails to address the fact that the jury was not instructed on any other basis for aider and abettor liability. It also appears to be an attempt to relitigate the sufficiency of the evidence issue resolved against defendant on his initial appeal.

5